**Donald D. duBoulay**
Attorney at Law

305 Broadway, Suite 602
New York, NY 10007

Telephone: (212) 966-3970
Fax: (212) 941-7108
E-mail: dondubesq@aol.com

January 14, 2020

The Honorable Andrew L. Carter
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _1-16-20_

Re: United States v. Malik Breedlove
    19 Cr. 846 (ALC)

Dear Judge Carter:

I represent Malik Breedlove in the above referenced Indictment pending before the Court. I write to respectfully request that the Court schedule a bail application in this matter. Mr. Breedlove was presented in this district on December 12, 2019 and a consent Order of detention was ordered. There has not been a previous bail application.

Mr. Breedlove is currently charged in a one count Indictment with conspiring to distribute narcotics in violation of 21 U.S.C. 841 (b) (1) (A).

LAW GOVERNING PRE-TRIAL RELEASE

The Eighth Amendment to the United States Constitution prohibits excessive bail. U.S. Const. amend. VIII. In accordance with this mandate, the Bail Reform Act of 1984, 18 U.S.C. §3141 *et seq.* (hereinafter the *Act*), requires a defendant's release pending trial "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or community." 18 U.S.C. §3142 (b); see also *United States v. Sabhnani*, 493 F.3d 63, 74-75 (2d Cir.2007), "Because the law generally favors bail release, the [G]overnment carries a dual burden in seeking pre-trial detention." *Sabhnani*, 493 F.3d at 75. First, detention if sought on the ground of dangerousness, the Government must show by clear and convincing evidence the defendant is dangerous to another person or to the community, If it satisfies this first requirement, the Government must then demonstrate that no condition or combination of conditions could reasonably assure the community's safety, 18 U.S.C. § 3142 (f). See also *U.S. v. Dillard*, 214 F.3d 88,91 (2d Cir. 2000).

The Bail Reform Act reflected recognition by Congress that "there was a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the the safety of the community." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985). Case law supports the view that "it is only a limited group of offenders who should be denied bail pending trial" Sabhnani, 493 F.3d at 75 (internal quotations omitted) *See* also *United States v. Shakur*, 817 F.2d 189,195 (2d Cir. 1987).

Under the *Act* cases involving certain offenses including an offense under 21 U.S.C. § 841, trigger a rebuttable presumption subject to further judicial findings that no condition or combination of conditions will reasonably assure the safety of the community or reasonably assure the defendant's continued presence . However, even in a presumption case, a defendant bears only a limited burden of production-not a burden of persuasion –to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight. When a defendant meets the limited burden of production, the presumption is rebutted and is merely a factor to be considered among all the factors to be considered by the court. The Government retains its burden of persuasion to establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and that defendant's continued presence cannot be reasonably assured by reasonably imposed conditions by a preponderance of the evidence. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

To find danger by clear and convincing evidence requires proof that "the evidence support such a conclusion with a high degree of certainty." *Chimurenga*, 760 F.2d at 405 quoting *Addington v. Texas*, 441 U.S. 418,431 (1979). Only where there is a strong probability that a person will commit additional crimes if released may the need to protect the community become sufficiently compelling that detention is, on balance appropriate. *United States v. Colombo*, 777 F.2d 96, 98-99.

Under 18 U.S.C. 3142 (g) the Court must take into account the following information when determining whether conditions exist which will reasonably assure the continued presence of the defendant and the degree of danger posed to the community.

(1) The nature and circumstance of the offense charged;
(2) The weight of the evidence
(3) The history and characteristics of the person, etc.

ARGUMENT

The one count Indictment alleges that Mr. Breedlove was a street level trafficker. In the hierarchy assigned in the Indictment he is at the lowest level. It is noted that Mr. Breedlove has an open felony drug matter pending in State court. In that matter Mr. Breedlove was released on bail. It should also be noted that Mr. Breedlove appeared at all of his court appearances without fail.

The proposed bail package would be a significant bond in the amount of $100,000.00 co-signed by Mr. Breedlove's uncle Calvin Stepney a driver for the Department of Transportation with an income of $90,000.00. Mr. Stepney will allow Malik to reside with him during the pendency of the case should the Court require home detention with electronic monitoring. Salima Breedlove, a cousin will also sign a bond. Ms. Breedlove is employed by TD bank and has an income of $ 51,000.00. A third surety would be James Nixon Mr. Breedlove's putative father in law. He is a security guard and has an Income of over $20,000.00

Therefore it is respectfully requested that the Court set this matter down for a bail review hearing at a date convenient to the court.

Respectfully submitted,

/s/
Donald duBoulay

cc: Juliana Murray, Esq. AUSA (via ECF)
Louis A. Pellegrino, Esq. AUSA (via ECF)

This application is referred to the Duty Magistrate Judge. So Ordered.

*Andrew J Carter*

1-16-20